United States District Court
Southern District of Texas
**ENTERED**
August 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Wilfrido Bello and | § | |
| Pedro Rojas | § | |
|    *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-24-3341 |
| | § | |
| New Fortress Energy, Inc. et al., | § | |
|    *Defendants*. | § | |

# MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 7. Pending before the court is Defendant New Fortress Energy, Inc.'s (NFE) Motion to Dismiss Pursuant to 12(b)(2). ECF No. 11. The court recommends that NFE's Motion to Dismiss be **GRANTED**.

## *1. Background and Procedural Posture*

Plaintiffs Wilfrido Bello and Pedro Rojas allege that they were injured by an explosion while working on a natural gas processing platform, the NFE Pioneer II, in the Gulf of Mexico. Am. Compl., ECF No. 21 at 3–4. Plaintiffs' suit alleges claims of negligence, premises liability, and gross negligence against NFE; NFE Pioneer 2, LLC; Mexico FLNG, S. De R.L. De C.V.; and Chart Energy & Chemicals, Inc. *Id.* Plaintiff[1] filed suit in Texas state court and, after Plaintiff removed a non-diverse defendant from the suit, NFE removed the case to this court. ECF No. 1.

NFE filed the present motion to dismiss for lack of personal jurisdiction, and the court granted Plaintiff's unopposed motion to

---

[1] Wilfrido Bello was the sole plaintiff when the suit was filed. Pedro Rojas was added as a plaintiff in the Amended Complaint in April 2025. ECF No. 21.

stay briefing on the motion to allow for jurisdictional discovery. ECF No. 13. Plaintiff then filed an amended complaint, which added a Plaintiff and additional Defendants. ECF No. 21.

Plaintiffs also filed a motion to remand for lack of subject matter jurisdiction given the newly added Defendants, which the court struck for failure to comply with the local rules. ECF No. 27. The court ordered that each party file declarations stating their citizenship. ECF No. 32. The declarations do not show that the court lacks diversity jurisdiction over the parties. ECF Nos. 36, 37, and 40. Plaintiffs informed the court that they sought discovery as to the court's subject matter jurisdiction, which the court allowed. ECF No. 44. Plaintiffs' motion to remand has not yet been re-filed with the court.[2]

Central to the pending personal jurisdiction dispute is the extent and nature of NFE's contacts with the state of Texas and involvement with the platform at issue. NFE argues, and Plaintiffs do not dispute, that NFE is incorporated in Delaware. ECF No. 11 at 1. NFE's Chief Financial Officer, Chris Guinta, declares that "NFE's headquarters has always been located in New York, and all of NFE's officers are based in New York. NFE's officers direct, control and coordinate its activities in New York. NFE has never had its principal place of business in Texas." Guinta Decl., ECF No. 11-1 ¶ 9. NFE provides evidence that it does not own the platform on which Plaintiffs were injured. *Id.* ¶ 7 ("NFE Pioneer II was and is owned by NFE Pioneer 2 LLC"). In response to NFE's

---

[2] The most recent information submitted to the court does not show that the court lacks diversity jurisdiction. If jurisdictional discovery reveals facts to the contrary, the court will consider that issue separately after Plaintiffs have provided evidence to the court. In any event, federal courts have leeway to choose among threshold grounds for denying audience to a case on the merits and may, in some circumstances, grant a motion to dismiss for lack of personal jurisdiction before addressing subject matter jurisdiction. *Hines v. Stamos*, 111 F.4th 551, 564 (5th Cir. 2024); *Carey v. Sub Sea Intern., Inc.*, 211 F.3d 594, 2000 WL 329367, at *2–3 (5th Cir. 2000).

motion to dismiss, Plaintiffs argue, without citing evidence or allegations in the complaint, that NFE owns and operates the offshore platform. ECF No. 42 at 2.

### 2. Standard of Review

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a prima facie showing that the court has jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may rely on affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery to determine whether it can assert jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes its prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

### 3. Legal Standard and Analysis

Although the pending motion to dismiss seeks dismissal of Plaintiffs' Original Petition and Plaintiffs have since filed an Amended Complaint, because the issue of personal jurisdiction raised by the motion to dismiss remains outstanding, the court has analyzed the arguments made in the pending motion to dismiss in light of the claims asserted in the Plaintiffs' Amended Complaint. *See AlliantGroup, L.P. v. Mols,* No. CV 16-3114, 2017 WL 432810, at *1 (S.D. Tex. Jan. 30, 2017); *Martin v. City of Las Vegas, City Hall*, No. 24-CV-00647, 2024 WL 5078142, at *2 (W.D. Tex. Dec. 10, 2024).

A federal court has jurisdiction over a nonresident defendant if: (1) the state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ham*, 4 F.3d at 415. Because the Texas long-arm statute extends to the limits of federal due process, the court need only analyze the second factor—whether jurisdiction is consistent with constitutional due process. *Id.* Thus, the court must determine whether: (1) the defendants have established "minimum contacts" with the forum state, and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. A determination of "minimum contacts" may be subdivided into two categories: contacts that give rise to "general" personal jurisdiction and those that give rise to "specific" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999).

General jurisdiction does not require a relationship between the plaintiff's cause of action and the forum state. General jurisdiction exists over a nonresident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). For a corporation, the place of incorporation and principal place of business are the paradigm forums for the exercise of general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In

4

exceptional circumstances, although it is "incredibly difficult," a corporate defendant's contacts may be so substantial and of such a nature as to render the corporation at home in a state that is not its principal place of business or place of incorporation. *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 336–38 (5th Cir. 2020). In such circumstances, courts consider "'a corporation's activities in their entirety' to evaluate whether this high burden has been met." *Torson v. Hyundai Oilbank Co. Ltd.*, No. 22-20065, 2022 WL 4103263, at *3 (5th Cir. Sept. 7, 2022).

NFE argues that it is not subject to general jurisdiction in Texas because its place of incorporation and principal place of business are outside of Texas and because there are no exceptional facts that would otherwise allow the court to exercise general jurisdiction. ECF No. 11 at 1, 6. Plaintiffs argue that NFE is subject to general jurisdiction in Texas because "NFE maintains continuous and systematic operations in Texas," NFE has operated a Houston office since 2022, and employs 40 employees in Texas. ECF No. 42 at 9–10. Plaintiffs argue that NFE's Houston office "is part of NFE's global network of operational centers," that NFE maintains relationships and subsidiaries that transact in Texas, and that "NFE has previously initiated litigation as a plaintiff in Harris County, Texas." *Id.* at 10.

Plaintiffs' arguments are without merit. Guinta testified that NFE is a Delaware corporation with its primary office in New York. Guinta Dep., ECF No. 42-6 at 8:18–23. Thus, Texas is not a forum in which this court may exercise general jurisdiction over NFE unless this is an exceptional case where NFE's contacts with Texas are so substantial and of such a nature as to render it at home. *See Frank*, 947 F.3d at 336–38.

Plaintiffs have not identified any exceptional circumstances that would subject NFE to general jurisdiction in this court. Guinta testified that NFE does not have any employees, and that

5

the 40 individuals that Plaintiffs identify as employed by NFE in Houston are employed by NFE Management, not NFE. Guinta Dep., ECF No. 42-6 at 9:16–23, 22:7–15. The initiation of a lawsuit in Texas does not imply consent to be sued for all purposes in Texas nor does it constitute continuous and systematic contacts sufficient to render NFE at home in Texas. *Megadrill Services Ltd. v. Brighouse*, 556 S.W.3d 490, 499 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Plaintiffs have not met their burden to show that NFE is subject to general jurisdiction in Texas. *Cf. Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (finding that Defendant was not subject to general personal jurisdiction where its place of incorporation and principal place of business were not in the forum state and where Plaintiff offered "no reason whatsoever to think this might be 'the exceptional case'"). Thus, the court turns to specific jurisdiction.

Courts apply a three-step test to determine whether specific jurisdiction exists. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). First, plaintiff must show the defendant had minimum contacts with the forum; second, plaintiff must show their cause of action arises out of defendant's minimum contacts; and third, if plaintiff satisfies the first two steps, it is the defendant's burden to show that exercising jurisdiction would prove unfair or unreasonable. *Id.*

To evaluate whether a defendant's minimum contacts allow the court to exercise specific jurisdiction, courts consider whether the defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there[.]" *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the

defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

NFE argues that Plaintiffs fail "to identify any contacts of NFE with Texas from which [their] injur[ies] allegedly arise[]. Specific jurisdiction is not applicable herein." ECF No. 11 at 8. The court agrees. Plaintiffs' allegations are limited and vague. Plaintiffs do not state how NFE directed its activities toward Texas or how Plaintiffs' injuries arise out of any such contacts. Plaintiffs allege that NFE owns and operates the NFE Pioneer II platform. ECF No. 21 at 3. This allegation is disputed by Guinta's testimony that NFE does not own the NFE Pioneer II platform, NFE does not employ its crew, and NFE was not the charterer of the vessel. Guinta Dep., ECF No. 42-6 at 22:21–23:17. But even if the court could accept this allegation as true, it is not clear how NFE directed any activities toward Texas. Plaintiffs do not allege that the platform was in, or even off the coast of, Texas. Plaintiffs also do not allege that NFE's management occurred from Texas. Plaintiffs' allegations do not mention how NFE is connected to Texas at all.

In response to NFE's motion to dismiss, Plaintiffs argue that "NFE exercised operational and managerial oversight over the FLNG project aboard the Pioneer II, which directly led to Plaintiff Bello's injuries." ECF No. 42 at 11. Plaintiffs go on to argue that "NFE entered contracts, coordinated personnel, and developed operational protocols through affiliated entities with Texas connections." *Id.* These allegations are not in the complaint, and even if they were, they are too vague to meet Plaintiffs' burden to make a prima facie showing of specific jurisdiction. Plaintiffs argue that several activities, "especially if any were undertaken from Texas, give rise to specific jurisdiction." *Id.* at 12. It is Plaintiffs' burden to make a prima facie showing that the court has

7

jurisdiction over a nonresident defendant. *See Ham*, 4 F.3d at 415. Plaintiffs have not met their burden.

To the extent that Plaintiffs seek additional jurisdictional discovery, that request is denied. The party requesting discovery bears the burden of demonstrating the necessity of jurisdictional discovery. *Getagadget, L.L.C. v. Jet Creations Inc.*, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022). Plaintiffs asked for time to conduct jurisdictional discovery prior to responding to NFE's motion to dismiss, and the court granted Plaintiffs' motion. ECF No. 13. Plaintiffs had more than two months to conduct discovery and respond to NFE's motion. Plaintiffs have not presented factual allegations that suggest the possible existence of the requisite contacts between NFE and Texas. Thus, Plaintiffs have not met their burden to demonstrate the necessity of additional jurisdictional discovery, and Plaintiffs' request is denied.

### *4. Conclusion*

The court recommends that NFE's Motion to Dismiss, ECF No. 11, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 4, 2025.

_____
Peter Bray
United States Magistrate Judge