United States District Court
Southern District of Texas
**ENTERED**
October 06, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Wilfrido Bello and | § | |
| Pedro Rojas | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-24-3341 |
| | § | |
| NFE Pioneer 2, LLC et al., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 7. Pending before the court is Defendant NFE Pioneer 2, LLC's Motion to Dismiss Pursuant to 12(b)(2). ECF No. 47. The court recommends that NFE Pioneer 2's Motion to Dismiss be **GRANTED**.

### 1. Background and Procedural Posture

Plaintiffs Wilfrido Bello and Pedro Rojas allege that they were injured by an explosion while working on a natural gas processing platform, the NFE Pioneer II, in the Gulf of Mexico. Am. Compl., ECF No. 21 at 3–4. Plantiffs' suit alleges claims of negligence, premises liability, and gross negligence against several entities. *Id.*

On August 4, 2025, the undersigned recommended that defendant New Fortress Energy, Inc. (NFE) be dismissed for lack of personal jurisdiction. ECF No. 53. The district judge adopted the undersigned's recommendation, and NFE was dismissed. ECF No. 56. The court addressed in its Memorandum and Recommendation many of the arguments that the parties now raise in the briefing for the pending Motion to Dismiss, ECF No. 47. The court will briefly address the relevant facts.

Plaintiff[1] filed suit in Texas state court and, after Plaintiff removed a non-diverse defendant from the suit, NFE removed the case to this court. ECF No. 1. The court allowed jurisdictional discovery as to NFE. ECF No. 13. Plaintiff then filed an amended complaint, which added a Plaintiff and additional Defendants, including NFE Pioneer 2. ECF No. 21.

Plaintiffs initially argued that the court lacked subject matter jurisdiction. The court ordered that each party file declarations stating their citizenship for purposes of diversity jurisdiction. ECF No. 32. The declarations do not show that the court lacks diversity jurisdiction over the parties. ECF Nos. 36, 37, and 40. After conducting jurisdictional discovery, Plaintiffs informed the court that they would not pursue a motion to remand for lack of jurisdiction. ECF No. 57. The most recent information submitted to the court does not show that the court lacks diversity jurisdiction. In any event, federal courts have leeway to choose among threshold grounds for denying audience to a case on the merits and may, in some circumstances, grant a motion to dismiss for lack of personal jurisdiction before addressing subject matter jurisdiction. *Hines v. Stamos*, 111 F.4th 551, 564 (5th Cir. 2024); *Carey v. Sub Sea Intern., Inc.*, No. 99-40793, 2000 WL 329367, at *2–3 (5th Cir. 2000).

Central to the pending personal jurisdiction dispute is the extent and nature of NFE Pioneer 2's contacts with the state of Texas and its involvement with the platform at issue. Christopher Guinta, the Chief Financial Officer of NFE Pioneer 2, declared that NFE Pioneer 2 owns the NFE Pioneer II, which is a Vanuatu-flagged converted jack-up drilling rig. ECF No. 47-1 ¶¶ 5–6. NFE Pioneer 2's headquarters have always been located in New York,

---

[1] Wilfrido Bello was the sole plaintiff when the suit was filed. Pedro Rojas was added as a plaintiff in the Amended Complaint in April 2025. ECF No. 21.

and all of NFE Pioneer 2's officers are based in New York. *Id.* ¶ 7. NFE Pioneer 2 has no employees.[2] *Id.* ¶ 8. Guinta stated in his deposition that, to the best of his knowledge, NFE Pioneer 2 conducts business in Mexico. ECF No. 48-6 at 16:8–13.

In response to NFE Pioneer 2's Motion to Dismiss, Plaintiffs argue, without citing evidence or allegations in the complaint, that NFE Pioneer 2's "presence and operational role tied to Texas are subject to factual dispute" and that NFE Pioneer 2's "activities are closely coordinated with its parent company, NFE, which maintains a staffed office in Houston, Texas." ECF No. 48 at 9–10.

The court considers the parties' arguments herein.

## 2. *Standard of Review*

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a prima facie showing that the court has jurisdiction over a nonresident defendant. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may rely on affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery to determine whether it can assert jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes its prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

---

[2] NFE Management, which is not a party to this suit, has forty employees in Houston. Guinta Dep., ECF No. 48-6 at 9:16–23, 22:7–15.

### 3. Legal Standard and Analysis

A federal court has jurisdiction over a nonresident defendant if: (1) the state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ham*, 4 F.3d at 415. Because the Texas long-arm statute extends to the limits of federal due process, the court need only analyze the second factor—whether jurisdiction is consistent with constitutional due process. *Id.* Thus, the court must determine whether: (1) the defendants have established "minimum contacts" with the forum state, and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. A determination of "minimum contacts" may be subdivided into two categories: contacts that give rise to "general" personal jurisdiction and those that give rise to "specific" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999).

General jurisdiction does not require a relationship between the plaintiff's cause of action and the forum state. General jurisdiction exists over a nonresident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). The Fifth Circuit has applied the "at home" test to limited liability companies. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331,

338 n.10 (5th Cir. 2020) ("the entity type is not germane to this jurisdictional analysis; instead it is the company's domicile that merits attention"). For entities such as limited liability companies, the place of organization and principal place of business are the paradigm forums for the exercise of general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also Final Expense Direct v. Python Leads, LLC*, 689 F. Supp. 3d 430, 435 (S.D. Tex. 2023). In exceptional circumstances, although it is "incredibly difficult," a corporate defendant's contacts may be so substantial and of such a nature as to render the corporation at home in a state that is not its principal place of business or place of organization. *Frank*, 947 F.3d at 336–38. In such circumstances, courts consider "'a corporation's activities in their entirety' to evaluate whether this high burden has been met." *Torson v. Hyundai Oilbank Co. Ltd.*, No. 22-20065, 2022 WL 4103263, at *3 (5th Cir. Sept. 7, 2022).

NFE Pioneer 2 argues that it is not subject to general jurisdiction in Texas because it is a Delaware company with its principal place of business in New York and because there are no exceptional facts that would otherwise allow the court to exercise general jurisdiction. ECF No. 47 at 1, 6. Plaintiffs argue that NFE Pioneer 2 is subject to general jurisdiction in Texas because "Pioneer 2 and NFE maintain ongoing operations in Texas sufficient to support general jurisdiction[.]" ECF No. 48 at 10.

The evidence shows that NFE Pioneer 2 is organized in Delaware and that its principal place of business is not Texas. ECF No. 47-1 ¶ 6 (stating that NFE Pioneer 2 is a Delaware company with its principal place of business in New York); ECF No. 48-6 at 16:8–13 (stating that NFE Pioneer 2 does business in Mexico). Thus, NFE Pioneer 2 is not at home in Texas for the purpose of exercising general personal jurisdiction.

5

Plaintiffs also argue that "*if* Pioneer 2 shares management, contracting, or compliance operations with NFE in Houston, those Texas-based activities may be imputed for general jurisdiction purposes." ECF No. 48 at 10 (emphasis added). The court previously found that NFE is not subject to general jurisdiction in Texas. ECF No. 53. Thus, even if NFE's actions could be "imputed" to NFE Pioneer 2, which the court need not decide, Plaintiffs still have not met their burden to show that NFE Pioneer 2 is subject to general jurisdiction in Texas. *See id.*

Accordingly, Texas is not a forum in which this court may exercise general jurisdiction over NFE Pioneer 2 unless this is an exceptional case where NFE Pioneer 2's contacts with Texas are so substantial and of such a nature as to render it at home. *See Frank*, 947 F.3d at 336–38. Plaintiffs have not identified any exceptional circumstances that would subject NFE Pioneer 2 to general jurisdiction in this court. Plaintiffs have not met their burden to show that NFE Pioneer 2 is subject to general jurisdiction in Texas. Thus, the court turns to specific jurisdiction.

Courts apply a three-step test to determine whether specific jurisdiction exists. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). First, plaintiff must show the defendant had minimum contacts with the forum; second, plaintiff must show their cause of action arises out of defendant's minimum contacts; and third, if plaintiff satisfies the first two steps, it is the defendant's burden to show that exercising jurisdiction would prove unfair or unreasonable. *Id.*

To evaluate whether a defendant's minimum contacts allow the court to exercise specific jurisdiction, courts consider whether the defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there[.]" *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "The proper question is not where

6

the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

NFE Pioneer 2 argues that "Plaintiffs fail to allege any contacts of NFE Pioneer 2 LLC with Texas from which their injuries allegedly arise." ECF No. 47 at 8. The court agrees. Plaintiffs' allegations are limited and vague. Plaintiffs do not state how NFE Pioneer 2 directed its activities toward Texas or how Plaintiffs' injuries arise out of any such contacts. Plaintiffs argue that "Pioneer 2 LLC's operations are functionally tied to and directed by NFE," and that "[t]o the extent NFE personnel working in Texas contributed to safety planning, leak test procedures, or project oversight for the Pioneer II platform, those contacts are sufficient to establish specific jurisdiction." ECF No. 48 at 13–14.

As the court stated in its general jurisdiction analysis, the court has previously found that Plaintiffs have not carried their burden to show that the court has personal jurisdiction over NFE. Plaintiffs do not raise any new arguments as to NFE's contacts in their response. Thus, to the extent that Plaintiffs rely on NFE's contacts to show that the court has jurisdiction over NFE Pioneer 2, those arguments lack merit.

Plaintiffs also argue, without citing any evidence or allegations in their complaint, that "Pioneer 2 and NFE entered contracts, coordinated personnel, and developed operational protocols through affiliated entities with Texas connections." ECF No. 48 at 14. This vague argument, which is not in the complaint and is not supported by competent evidence, is not sufficient to show that NFE Pioneer 2 had sufficient minimum contacts with Texas. Plaintiffs' allegations and arguments do not clarify how NFE Pioneer 2 is connected to Texas at all. It is Plaintiffs' burden to make a prima facie showing that the court has jurisdiction over

a nonresident defendant. *See Ham*, 4 F.3d at 415. Plaintiffs have not met their burden.

To the extent that Plaintiffs seek additional jurisdictional discovery, that request is denied. The party requesting discovery bears the burden of demonstrating the necessity of jurisdictional discovery. *Getagadget, L.L.C. v. Jet Creations Inc.*, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022). Plaintiffs asked for time to conduct jurisdictional discovery prior to responding to NFE's motion to dismiss, and the court granted Plaintiffs' motion. ECF No. 13. Plaintiffs have not presented factual allegations that suggest the possible existence of the requisite contacts between NFE Pioneer 2 and Texas. Thus, Plaintiffs have not met their burden to demonstrate the necessity of additional jurisdictional discovery, and Plaintiffs' request is denied.

## 4. Conclusion

The court recommends that NFE Pioneer 2's Motion to Dismiss, ECF No. 47, be **GRANTED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 6, 2025.

Peter Bray
United States Magistrate Judge